# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50451
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 3, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LEONARDO ALONSO RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:14-CR-731-2

Before JOLLY, DENNIS, and PRADO, Circuit Judges.

PER CURIAM:[*]

Leonardo Alonso Rodriguez pleaded guilty, pursuant to a plea agreement, to conspiracy to possess with intent to distribute 500 grams or more of methamphetamine. The district court sentenced Rodriguez to 180 months of imprisonment and six years of supervised release. Rodriguez appeals his sentence, arguing that the district court erred by imposing a three-level enhancement pursuant to U.S.S.G. § 3B1.1(b) based on his role as a manager

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50451

or supervisor in the offense.  However, Rodriguez's plea agreement contains an appeal waiver provision that precludes his challenge to the district court's sentence.

In an attempt to avoid the enforcement of the appeal waiver, Rodriguez argues that his plea agreement is invalid because it is procedurally and substantively unconscionable.  He asserts that the plea agreement is procedurally unconscionable because the parties had unequal bargaining power.  He further asserts that the agreement is substantively unconscionable because it is "grossly one sided," as he maintains that he gave up numerous important rights and received "very little, if anything" in return.

Because Rodriguez did not challenge the validity of the plea agreement in the district court and did not attempt to withdraw his plea on grounds that the plea agreement was unconscionable, we apply plain error review to his claims.  *See United States v. Vonn,* 535 U.S. 55, 58-59 (2002).  Our review of the plea agreement reveals no plain error with respect to Rodriguez's unconscionability arguments.  Rodriguez was free to reject the agreement and to either go to trial or plead guilty without a plea agreement, and the plea agreement provided Rodriguez with significant benefits.

The appeal waiver in the plea agreement bars Rodriguez's challenge to the district court's sentence.  Accordingly, the appeal is DISMISSED.